# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND AMERSON BEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-1754-DJS |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review pursuant to 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez.

## The Complaint

Plaintiff, an inmate at the United States Penitentiary in Leavenworth, Kansas, brings this action requesting discharge from a "liability (i.e. civil monetary penalties)" incurred in his underlying federal criminal action. Plaintiff alleges that he is "being held as surety under No. 4:91 CR 001 CDP . . . for the artificial person (defendant) therein."

## Discussion

The Court's records indicate that on August 19, 2010, in the case of United States v. Amerson, 4:91-CR-1-CDP (E.D. Mo.), Raymond Amerson filed a "Petition for Discharge," asserting that he had tendered to this Court a bond to satisfy the penalties he had incurred in that case [Doc. #282]. On August 23, 2010, the Court denied the motion for discharge as legally frivolous [Doc. #283]. It appears that plaintiff is attempting to relitigate the same issue that this Court previously denied on August 23 by filing his claim as a separate civil action.

"As a branch of the doctrine of res judicata, collateral estoppel serves both judicial and private interests in the termination of litigation . . . [C]ollateral estoppel principles serve primarily to conserve time and resources." Oldham v. Pritchett, 599 F.2d 274, 278 (8th Cir. 1979). Estoppel is appropriate where (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. Id. at 279. In the instant case, the four requirements are satisfied. Moreover, plaintiff has not alleged an intervening factual change that would preclude application of this doctrine. As such, collateral estoppel bars relitigation of plaintiff's discharge-surety claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of November, 2010.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE